IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHRISTIAN DANIEL RILLORAZA**                                                                 **PLAINTIFF**

**V.**                                        **Case No. 4:25-CV-00179-JM**

**LITTLE ROCK POLICE DEPARTMENT,** *et al.*                                      **DEFENDANTS**

**ORDER**

Christian Daniel Rilloraza's motion for leave to proceed *in forma pauperis* (Doc. No. 1) is GRANTED. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)). He reports limited income and no assets. (Doc. 1). The law requires that I screen the Complaint. 28 U.S.C. § 1915(e)(2).

Mr. Rilloraza sues the Little Rock Police Department ("LRPD"), Arkansas School for the Deaf ("the school") Superintendent Nicole Walsh, and the school's security officer John Lundberg under 42 U.S.C. § 1983 for damages. (Doc. 2). Mr. Rilloraza attended a basketball tournament at the school on February 6, 2025. He says that, shortly after arriving, Ms. Walsh asked him to leave the premises explaining that a student had reported his presence making her feel "unsafe." (*Id*. at 6). Although he first complied with Ms. Walsh's request, he decided to return to the school for further explanation. On his return, he was met by Mr. Lundberg, who notified LRPD. (*Id*.). Mr. Rilloraza says that LRPD issued him a criminal trespassing warning and advised him that if he returned to the school he would be charged with solicitation of a minor. Mr. Rillozara soundly rejects that there was any reason to ask him to leave or to warrant the criminal warning. He alleges defendants violated his First, Fourth, and Fourteenth Amendment rights by unlawfully removing him from a public event infringing on his right to freely assemble. (Doc. 2 at 6).

Mr. Rillozara's claims against the LRPD are dismissed because it is not an entity subject to suit under 42 U.S.C. § 1983. *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989); *Ketchum v. City of West Memphis, Arkansas*, 974 F.2d 81, 82 (8th Cir. 1992). While the liability of the individual defendants is tenuous, for screening purposes only, Mr. Rillozara's remaining individual-capacity-claims against Ms. Walsh and Mr. Lundberg will be served. 28 U.S.C. §1915(e); *Johnson v. Perry*, 859 F.3d 156, 173 (2d Cir. 2017).

Mr. Rillozara is required to be familiar and comply with all Federal Rules of Civil Procedure as well as the Local Rules of this Court.[1] Local Rule 5.5(c)(2) instructs *pro se* parties that it is their responsibility to notify the Clerk and other parties of any change in address, to monitor the progress of the case, and to prosecute or defend the action diligently. *Pro se* parties, those representing themselves without an attorney, should sign all pleadings and include their address and telephone number with the signature. If any communication from the Court to a *pro se* party is not responded to within thirty (30) days, the <u>Court may dismiss the case for failure to prosecute</u>.

The Clerk is directed to issue summonses for the Defendant Walsh and Lundberg as provided in the Complaint. The United States Marshal for the Eastern District of Arkansas is directed to serve summonses and the Complaint on Defendants without prepayment of fees and costs. Service should be made via certified mail with a return receipt requested and delivery restricted.

---

[1] These rules are available online at http://www.uscourts.gov/rules-policies/current-rules-practice-procedure and http://www.are.uscourts.gov/court-info/local-rules-and-orders/local-rules.

IT IS SO ORDERED this 13th day of March, 2025.

                                                                          _____
                                                                          UNITED STATES DISTRICT JUDGE