IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHRISTIAN DANIEL RILLORAZA**                                              **PLAINTIFF**

V.                                        Case No. 4:25-CV-00179-JM

**LITTLE ROCK POLICE DEPARTMENT,** *et al.*                            **DEFENDANTS**

**ORDER**

Pending are Plaintiff's motion to clarify, to amend and correct the complaint and to appoint counsel. The pending motions are decided as follows:

**Motion for Clarification** (Doc. 4). In screening his complaint, the Court summarized the facts as presented by Mr. Rilloraza. (Doc. 3). Mr. Rilloraza now moves for clarification of the Court's summary asking that the Court clearly state that it was not making a finding as to the truth of officers' claims about him. The motion for clarification (Doc. 4) is GRANTED.

In his complaint, Mr. Rilloraza stated that an "LRPD officer threatened to arrest me for solicitation of a minor without probable cause or any supporting evidence." (Doc. 2 at 6). The Court summarized this statement by stating "Mr. Rilloraza says that LRPD issued him a criminal trespassing warning and advised him that if he returned to the school he would be charged with solicitation of a minor. Mr. Rillozara soundly rejects that there was any reason to ask him to leave or to warrant the criminal warning." (Doc. 3 at 2). The Court used Mr. Rillozara's own words and, in doing so, only considered the facts presented in consideration of Mr. Rillozara's pending § 1983 claims.

**Motion to Amend Complaint** (Doc. 5). Mr. Rillozara moves to amend his complaint to add the City of Little Rock as a named defendant. The motion to amend (Doc. 5) is GRANTED. *See* Fed. R. Civ. P. 15(a)(1). The Clerk of Court is directed to add the City of Little Rock as a

named defendant. The Court must screen Mr. Rillozara's claims against the City. 28 U.S.C. § 1915(e). To establish municipal liability, a plaintiff must prove that an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom caused the constitutional injury. *Corwin v. City of Independence, Missouri,* 829 F.3d 695, 699 (8th Cir. 2016) (*citing Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)). Mr. Rillozara has not made any attempt to meet this burden. Accordingly, Mr. Rillozara's claims against the City of Little Rock are dismissed.

**Motion to Appoint Counsel** (Doc. 6). Mr. Rillozara's motion for the appointment of counsel (Doc. 6) is DENIED without prejudice. *Pro se* litigants do not have a constitutional or statutory right to appointment of counsel in civil cases. *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). The Court appreciates that Mr. Rillozara has been unsuccessful in his attempts to independently obtain counsel; however, at this stage of the litigation it is not apparent that the litigation will be so complex that he cannot adequately represent himself. As the case progresses, Mr. Rillozara is free to refile this motion.

IT IS SO ORDERED this 19th day of March, 2025.

_____
UNITED STATES DISTRICT JUDGE